JUSTICE HUNT
dissenting.
I dissent from the majority opinion. A prior inconsistent statement cannot be the sole substantive evidence upon which a jury determines guilt. State v. Gommenginger (1990), 242 Mont. 265, 790 P.2d 455; State v. White Water (1981), 194 Mont. 85, 634 P.2d 636. Our rationale for this prohibition has been that it is unlikely that a trier of fact could find the essential elements of a crime charged beyond a reasonable doubt based solely on a prior inconsistent statement. Gommenginger 790 P.2d at 463; White Water, 634 P.2d at 639.
In order to convict Ernest of felony assault under § 45-5-202, MCA, the State must prove that he purposely and knowingly caused Nadeen to reasonably apprehend serious bodily injury by use of a weapon. The majority reasons that because “it is unclear whether the potential, prior inconsistent statement would be the sole basis for seeking a conviction,” the State should be given the chance to present its case in chief. However, in its brief in opposition to Ernest’s motion to dismiss, the State, relying on State v. Charlo (1987), 226 Mont. 213, 735 P.2d 278, acknowledged that in order to convict Ernest of felony assault it would have to corroborate Nadeen’s prior inconsistent statement. The State proposed to offer as corroboration Nadeen’s physical appearance and emotional state on the night in question, evidence of the couple’s argument at the saloon, and Ernest’s physical possession of the gun. While the above might corroborate the charge of misdemeanor domestic abuse, it does not corroborate Nadeen’s prior inconsistent statement that Ernest pointed a gun at her head.
The district court may not dismiss a felony count without good cause and without setting forth its reasons for the dismissal in an order. Section 46-13-401(1), MCA. After applying Montana case law to the facts, the District Court found good cause for dismissing the felony assault charge against Ernest by concluding that under any testimonial scenario it would be impossible for a jury to find the essential element of § 45-5-202, MCA. The District Court then set forth those reasons in its order. There is nothing in the record to suggest that the District Court abused its discretion by granting Ernest’s motion to dismiss. I would affirm.
JUSTICE TRIEWEILER joins in the foregoing dissenting opinion.